28 A.3d 1245 (2011)
422 N.J. Super. 360
Loretta DEBOARD, Plaintiff-Appellant,
v.
WYETH, INC., Wyeth Pharmaceuticals, Inc., and Pharmacia & Upjohn Company, Defendants-Respondents.
Dora Bailey and Carol Bailey, her husband, Plaintiffs-Appellants,
v.
Wyeth, Inc., Wyeth Pharmaceuticals, Inc., and Pharmacia & Upjohn Company, Defendants-Respondents.
Docket Nos. A-6230-07T1, A-6251-07T1
Superior Court of New Jersey, Appellate Division.
Argued January 4, 2011.
Decided September 29, 2011.
Kevin Haverty argued the cause for appellants in both appeals (Williams Cuker Berezofsky, attorneys; Mr. Haverty, Esther E. Berezofsky, Cherry Hill, Alan H. Sklarsky and Brian Uzdavinis on the brief).
Shelia L. Birnbaum (Skadden, Arps, Slate, Meagher & Flom) of the New York bar, admitted pro hac vice, argued the cause for respondents Wyeth, Inc. and Wyeth Pharmaceuticals, Inc. (Porzio, Bromberg & Newman P.C. and Ms. Birnbaum, attorneys; Lauren E. Handler, Morristown, on the brief).
Ezra D. Rosenberg, Princeton, argued the cause for respondent Pharmacia & Upjohn Company L.L.C. (McCarter & English L.L.P. and Dechert, LLP, attorneys; Gita F. Rothschild and David J. Cooner, Newark, on the brief).
Before Judges WEFING, PAYNE and KOBLITZ.
Prior report: N.J.Super.Law Div., 2008 WL 5196852.
The opinion of the court was delivered by
PAYNE, J.A.D.
Plaintiffs Loretta DeBoard and Dora Bailey, women who contracted breast cancer after being treated with hormone replacement therapy drugs Premarin, Prempro, and Provera, appeal orders of summary judgment in favor of drug manufacturers Wyeth, Inc., Wyeth Pharmaceuticals, Inc. (collectively Wyeth) and Pharmacia & Upjohn Company (Upjohn), entered by Judge Jamie D. Happas dismissing their product liability and other claims based on inadequate testing and warnings.
Premarin is a conjugated estrogen drug manufactured by Wyeth from pregnant mare's urine. Prempro, which is also manufactured by Wyeth, is a combination drug containing both estrogen and progestin. Provera, manufactured by Upjohn, contains progestin. All three drugs are FDA approved and are available only by prescription. Both DeBoard and Bailey commenced taking Premarin and Provera in 1991 and were switched by their physicians to Prempro in 1996. DeBoard's breast cancer was diagnosed in August 2001, and Bailey was diagnosed in 2002. Both women ceased hormone replacement therapy upon diagnosis of their cancer.
Thereafter, DeBoard filed suit against Wyeth and Upjohn alleging violations of the New Jersey Products Liability Act, N.J.S.A. 2A:58C-1 to -11 as the result of *1246 defendants' alleged failure to warn, fraud, intentional and negligent misrepresentation, and violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 to -20.[1] Similar claims were asserted by Bailey and her husband approximately one year later. The two women's claims formed a part of hormonal replacement therapy litigation that was designated as a mass tort and assigned to Middlesex County for discovery and trial.
Following discovery, in March 2008, motions for summary judgment were filed by Wyeth and Upjohn in the Bailey matter, and while those motions were pending, defendants moved for summary judgment in the DeBoard action, as well. The motions were consolidated, and following argument, on July 11, 2008 Judge Happas granted summary judgment in a lengthy opinion in the Bailey matter, which she incorporated into a letter opinion granting summary judgment in DeBoard's case.
Plaintiffs appealed from the judge's summary judgment orders, and their appeals were consolidated. On appeal, plaintiffs challenge the presumption of adequacy that Judge Happas applied to the drug warnings, arguing first that the presumption cannot apply prior to 1995 because the combined use of estrogen and progesterone constituted an off-label use of the drugs. They then argue that the judge misconstrued established law regarding the application of the presumption, and that the judge failed to draw all favorable inferences from plaintiffs' evidence of defendants' conduct.
Following our consideration of the arguments of counsel, set forth orally and in their briefs, as well as the extensive record in the matter, we affirm substantially on the basis of the well-considered and exhaustive opinion of Judge Happas in the Bailey matter, which we have determined to be well supported by the evidence and legally unassailable. Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J.Super. 162, 167, 704 A.2d 597 (App.Div.), certif. denied, 154 N.J. 608, 713 A.2d 499 (1998); Manalapan Realty v. Manalapan Twp. Comm., 140 N.J. 366, 378, 658 A.2d 1230 (1995).
Affirmed.
NOTES
[1] DeBoard also claimed design defect, negligence, and breach of express and implied warranty, but eventually dismissed those claims.